UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil No. 07-1825-IEG(LSP) |
| Plaintiff, | ) ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR PROTECTIVE ORDER (DOC. # 14, DOC # 16) |
| v. | ) ) | |
| VISTA UNIFIED SCHOOL DISTRICT, | ) | |
| Defendant. | | |

On September 17, and October 2, 2008, Plaintiff filed Motions for Protective Order Re: Defendant's Subpoenas For Employment Records.  On October 31, 2008, Defendant filed an Opposition to the Motions.   On November 7, 2008, Plaintiff filed a Reply to the Opposition.

The Court, having reviewed the subpoenas, Motions, Opposition and Reply, and GOOD CAUSE APPEARING, HEREBY GRANTS in part and DENIES in part Plaintiff's Motions.

Background

On August 25, 2008, Defendant issued subpoenas to Charging Party Wendy Santamaria's (hereafter "Santamaria") former

1  employers (Army & Navy Academy, Oceanside Unified School District,

2  San Dieguito Unified School District and San Marcos Unified School

3  District)("Unified School District" hereafter "USD") seeking:

4          All documents and records, including but not
           limited to, employment, earnings, payroll,
5          applications for employment, work absence records,
           incident reports, pre-employment exam records,
6          and employee progress records pertaining to the
           employment of Plaintiff ...

7

8          On September 22, 2008, Defendant issued an identical subpoena

9  to Santamaria's current employer, the Coronado USD.

10         Plaintiff does not appear to have objected to the subpoenas

11 but now seeks a protective order compelling Defendant to withdraw

12 the subpoenas.  Plaintiff also seeks an order that Defendant be

13 precluded from using in this litigation, or for any other purpose,

14 any documents it has already received pursuant to the subpoenas, and

15 that such documents be turned over to Plaintiff. Defendant opposes

16 Plaintiff's Motions.

17 <u>Most of The Records Sought By the Subpoenas are Irrelevant; The</u>

18 <u>Requests for the Records Are Overbroad</u>

19         Plaintiff argues that the documents requested by the

20 subpoenas are overbroad and irrelevant to this action. Defendant

21 argues that the documents requested by the subpoenas are not

22 annoying, harassing, embarrassing or oppressive.

23         As noted above, the subpoenas seek <u>all</u> documents and records

24 of Santamaria pertaining to her earnings, pre-employment exams,

25 applications for employment, absences, and incidents.  None of these

26 documents appear to be relevant to any party's claim or defense in

27 this litigation.  Nor do such records appear reasonably calculated

28 to lead to the discovery of admissible evidence. Fed. R. Civ. P.

1   26(b)(1).   Moreover, the requests are overbroad in they seek "all"

2   documents that have no relevance to any claim or defense in this

3   litigation.     Defendant  does  not  provide  any  argument  to  the

4   contrary.

5        To the extent that the subpoenas request all documents and

6   records pertaining to Santamaria's earnings, pre-employment exams,

7   applications for employment, absences and incidents, the subpoenas

8   seek documents that are irrelevant to any claim or defense in this

9   action  and  are  overbroad.  Therefore,  Plaintiff's  Motion  for  a

10  Protective Order in this regard is GRANTED.

11  <u>Employee Progress Reports</u>

12       The  subpoenas  also  request  production  of  Santamaria's

13  previous employers' employee progress reports. The Court interprets

14  Defendant's subpoenas to be directed to Santamaria's performance

15  evaluations.  Employee progress reports and performance evaluations

16  may  be  relevant  for  impeachment  purposes,  as  well  as  to  support

17  Defendant's argument that its decision not to hire Santamaria was

18  credible, non-discriminatory and non-prextual.

19       However, Defendant has not included any time restrictions in

20  the subpoenas. As a result, production of documents pursuant to the

21  existing subpoenas may yield documents that are dated too remote in

22  time to be of any meaningful relevance to any claim or defense in

23  this litigation.

24       The  failure  to  include  time  restrictions  in  the  subpoenas

25  makes  them  overbroad.    As  a  result,  Plaintiff's  Motion  for  a

26  Protective Order in this regard is GRANTED in part and DENIED in

27  part.

28       Defendant shall withdraw the issued subpoenas.  Defendant may

1  re-issue subpoenas to Santamaria's previous employers to obtain only

2  her progress reports and performance evaluations dated from March

3  2002 to March 2006.  Any such documents shall be produced to the

4  Court and held until a protective order to be drafted by counsel is

5  prepared and approved by the Court.

6  <u>Documents Already Produced</u>

7        Defendant has already received documents pursuant to the

8  subpoena issued to the San Marcos USD.[1]  Some of those documents,

9  cited in Defendant's Opposition, are dated February 1996.  Those

10 documents are too remote in time to be of any meaningful relevance

11 in this litigation.  Therefore, Defendant shall turn over to

12 Plaintiff <u>all</u> documents received by it from the San Marcos USD, or

13 any other documents received from a subpoenaed third party which are

14 *not* progress reports or performance evaluations and are dated prior

15 to March 2002.  All documents turned over to Plaintiff shall be

16 retained by Plaintiff.  Absent further order of  the Court, these

17 documents shall not be used at trial of this matter, or for any

18 other purpose.

19       Plaintiff's Motion also alludes to the possibility that

20 Defendant may have also received documents pursuant to the subpoena

21 issued to Santamaria's current employer, the Coronado USD.  To the

22 extent that documents have been received from the Coronado USD, and

23 contain Santamaria's performance reviews, they are relevant for

24

25 [1]   Some of the documents received from the San Marcos USD may provide
     evidence that could impeach Santamaria's deposition testimony.
26   Defendant also states that it has "extensively questioned Ms.
     Santamaria during her deposition about her current work performance
     at Coronado and her past work performance at all of her previous
27   school employers.  Ms. Santamaria answered questions about her
     successes and failures and reasons for leaving each job."
28   (Defendant's Notice of Errata, filed Nov. 3, 2008.)  However, unlike
     with the documents received from the San Marcos USD, Defendant fails
     to show how documents received from Santamaria's previous employers
     might impeach Santamaria's deposition testimony.

07CV1825

purposes of impeachment and to support Defendant's argument that its decision not to hire Santamaria was credible, non-discriminatory and non-pretextual.  However, to the extent that the documents produced by the Coronado USD are *not* Santamaria's progress reports or performance evaluations, those documents are irrelevant to any claim or defense in this litigation and shall be turned over to Plaintiff. All documents turned over to Plaintiff shall be retained by Plaintiff.  Absent further order of the Court, these documents shall not be used at trial of this matter, or for any other purpose. If there is any question regarding the nature of any such documents, they shall be delivered to the Court for *in camera* review. Any such Coronado USD documents ultimately produced or retained by Defendant are subject to the protective order discussed above.

Conclusion

The Court, having reviewed the subpoenas issued by Defendant, Plaintiff's Motion, Defendant's Opposition and Plaintiff's Reply, HEREBY GRANTS in part and DENIES in part Plaintiff's Motions for Protective Order.

1. The subpoenas issued to the Charging Party's previous employers seek information that is not relevant to any claim or defense in this litigation and are overbroad.  Therefore, the subpoenas shall be withdrawn.

2. The only documents sought by the subpoenas that may have any relevance to a claim or defense in this litigation are the Charging Party's progress reports or performance evaluations dated from March 2002 to March 2006.

3. Any documents received by Defendant from the San Marcos USD are not relevant to any claim or defense in this litigation,

1    shall be turned over to Plaintiff. All documents turned over to

2    Plaintiff shall be retained by Plaintiff.  Absent further order of

3    the Court, these documents shall not be used at trial of this

4    matter, or for any other purpose.

5       4. The documents received by Defendant from the Coronado USD

6    are only relevant to this litigation to the extent that they are

7    progress reports or performance evaluations.  All other documents

8    produced by the Coronado USD are not relevant to any claim or

9    defense in this litigation shall be turned over to Plaintiff.  All

10    documents turned over to Plaintiff shall be retained by Plaintiff.

11    Absent further order of the Court, these documents shall not be used

12    at trial of this matter, or for any other purpose.

13       5. Defendant may re-issue subpoenas to the Charging Party's

14    previous employers to obtain only her progress reports and perfor-

15    mance evaluations dated from March 2002 to March 2006.

16    IT IS SO ORDERED.

17

18    DATED:  November 17, 2008

19

20                    Hon. Leo S. Papas
                        U.S. Magistrate Judge

21

22

23

24

25

26

27

28

07CV1825